**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

FABIOLA MUNOZ,

      Plaintiff,

v.

SHAFIYA & RAHIMA CORPORATION
d/b/a LA AZTECA DE ORO,

      Defendants.

_____/

## COMPLAINT

Plaintiff, FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), SHAFIYA & RAHIMA CORPORATION d/b/a LA AZTECA DE ORO (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, FABIOLA MUNOZ, is an individual over eighteen (18) years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5.      At all times material, Defendant, SHAFIYA & RAHIMA CORPORATION d/b/a

LA AZTECA DE ORO, owned and operated a retail grocery store at 406 N Krome Avenue, Homestead, Florida 33030 (hereinafter the "Commercial Property") and conducted a substantial amount of business in the place of public accommodation in Miami-Dade County, Florida. SHAFIYA & RAHIMA CORPORATION d/b/a LA AZTECA DE ORO holds itself out to the public as "La Azteca de Oro Grocery Store."

6.      At all times material, Defendant, SHAFIYA & RAHIMA CORPORATION d/b/a LA AZTECA DE ORO, was a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Homestead, Florida.

7.      Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

8.      Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

9.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and property.

10.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11.     Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and

pursuant to the ADA.  FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is

a paraplegic with a fracture of her T-12 that causes loss of use to her lower extremities. She is

limited in her major life activities by such, including but not limited to walking and standing.

12.     Defendant, SHAFIYA & RAHIMA CORPORATION d/b/a LA AZTECA DE

ORO, owns, operates and oversees the Commercial Property, its general parking lot and parking

spots.

13.     Defendant, SHAFIYA & RAHIMA CORPORATION d/b/a LA AZTECA DE

ORO, owns and operates a supermarket business on the Commercial Property located at 436 N

Krome Avenue, Homestead, Florida 33030, that is a place of public accommodation and operates,

controls and maintains the interior of the business and the Commercial Property.

14.     The subject Commercial Property is open to the public and is located in Miami-

Dade County, Florida.

15.     The individual Plaintiff visits the Commercial Property and business located within

the Commercial Property, regularly, to include a visit to the Commercial Property and business

located within the Commercial Property on or about January 9, 2021 encountering multiples ADA

violations that directly affected her ability to use and enjoy the Commercial Property and the

business located therein. She often visits the Commercial Property in order to avail herself of the

goods and services offered there, and because it is approximately eight (8) miles from her

residence. She plans to return to the Commercial Property and the business located therein within

two (2) months from the filing date of the complaint. More specifically Plaintiff intends to revisit

on or before March 26, 2021.

16.     Plaintiff resides nearby in a the same County and the same state as the Commercial

Property and the business located within the Commercial Property, has regularly frequented the

Defendant's Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to her home and other businesses that she frequents as a patron, and intends to return to the Commercial Property and the business located within the Commercial Property within two (2) months from the filing of this Complaint. More specifically Plaintiff intends to revisit on or before March 26, 2021.

17.     The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue her patronage and use of the commercial premise and business located therein.

18.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and the business located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and the business located within the Commercial Property have denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered her safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

19.     Defendant, SHAFIYA & RAHIMA CORPORATION d/b/a LA AZTECA DE ORO, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, SHAFIYA & RAHIMA CORPORATION d/b/a LA AZTECA DE ORO, is responsible for complying with the obligations of the ADA.. The place of public accommodation that Defendants, SHAFIYA & RAHIMA CORPORATION d/b/a LA AZTECA DE ORO, own and operate is located at 406 N

4

Krome Avenue, Homestead, Florida 33030.

20.     Plaintiff, FABIOLA MUNOZ, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Count I of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail herself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure herself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

21.     Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS

22.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23.     Defendant, SHAFIYA & RAHIMA CORPORATION d/b/a LA AZTECA DE ORO, has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the

5

violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

      A.  <u>Parking</u>

i.  The accessible parking space is not located closest to the main store entrance. Parking spaces that serve a particular building or facility must be located on the shortest accessible route from parking to an accessible main entrance violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff had difficulty exiting the vehicle, as designated accessible parking space does not provide an access aisle. Violation: Accessible parking space does not have an access aisle violating Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The accessible parking space identification striping is mismarked. The lines are faded. Each such parking space must be striped in a manner that is consistent with the standards of FDOT for other spaces and prominently outlined with blue paint, and must be repainted when necessary, to be clearly distinguishable as a parking space designated for persons who have disabilities violating Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility violating Section 4.3.7, 4.7.2 of the ADAAG and Section 403.3, 406 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The plaintiff had difficulty using the main door to the store without assistance, as the main door has a sloped surface within the required maneuvering clearance of the door. Violation: Maneuvering clearance on the pull side of the door has non-compliant slope, violating Sections

4.13.6 of the ADAAG and Sections 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

        B.  <u>Accessible Route</u>

i.  The plaintiff had difficulty to transit through store aisles without assistance, as inside the store the self-serve aisles do not maintain the required clear width requirements creating barriers for people using wheelchairs or other mobility devices violating of Section 4.3.3 of the ADAAG and Section 403.5.1, 403.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

        C.  <u>Public Restroom</u>

i.  The plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable

ii.  The plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance was not provided. Violation: Store items encroaches over maneuvering clearance on the pull side of the door. Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The plaintiff had difficulty using the door at the restroom area entrance without assistance, as it does not provide the required clear width. Violation: The restroom door has non-compliant opening clear width, violating Sections 4.13.5 of the ADAAG and Sections 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

7

v.   The plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing and the side grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x.   The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.   The plaintiff had difficulty using the lavatory faucets without assistance, as it requires tight

grasping. Violation: Lavatory knob-type faucet requires pinching and tight grasping to operate. Sections 4.19.4 of the ADAAG and Sections 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

> D.  Sales Counter

i.  The plaintiff had difficulty using the sales counter, as the counter is mounted over the required height creating barriers for people using violating of Section 7.2 of the ADAAG and Section 904.4.1 of the 2010 ADA Standards whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

24.     The discriminatory violations described in Count I of this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

25.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's building(s), business and facilities; and has otherwise been discriminated against and damaged by the

Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The

Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates its businesses, located at and/or within the commercial property located at 436 N Krome Avenue, Homestead, Florida 33030, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, The Plaintiff, FABIOLA MUNOZ, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications

are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 29, 2021

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
aquezada@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
ANTHONY J. PEREZ
Florida Bar No.: 535451
BEVERLY VIRUES
Florida Bar No.: 123713